```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

MARK BURTON                                              PLAINTIFF

VERSUS                        CIVIL ACTION NO. 5:06cv12-DCB-JMR

CONTINENTAL CASUALTY COMPANY,
CNA FINANCIAL CORPORATION and
LOEWS CORPORATION                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Mark Burton's Motion to Remand [**docket entry no. 3**] and Continental Casualty Company's (hereinafter "CCC's") Motion to Set Aside Docket Entry of Default [**docket entry no. 7**].  Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

On December 19, 2005, the plaintiff, Mark Burton, initiated the current suit by filing a complaint in the Circuit Court of Jefferson County, Mississippi.  A summons was issued by the Circuit Court and service was obtained on CCC by service upon George Dale, Commissioner of Insurance of the State of Mississippi, on December 20, 2005.  On that same day, a letter transmitting a copy of the summons and complaint was sent from the Commissioner's office to CCC by certified mail.  CCC received this mailing on December 27, 2005.

On January 24, 2006, thirty-four days after service upon the Commissioner, the Clerk of Court of Jefferson County, Mississippi, upon application by the plaintiff, filed an Entry of Default

against CCC.  The following day, CCC removed the action to this Court by filing its Notice of Removal [docket entry no. 1].  Thus, the removal occurred twenty-nine (29) days after CCC actually received a copy of the summons from the Commissioner's office but thirty-six (36) days after the Commissioner had been served with process.

I. Motion to Remand

In the pending Motion to Remand, the plaintiff claims that removal was improper because CCC failed to comply with the procedural requirements of 28 U.S.C. § 1446(b).  That section states that the "notice of removal of a civil action . . . shall be filed within thirty [30] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  It is the plaintiff's contention that, to be timely, a notice of removal should have been filed by the defendant within thirty (30) days of the date on which the commissioner was served.[1]  In response, CCC claims that the deadline for filing a notice of removal should be calculated not from the time the insurance commissioner received service, but, rather, when the defendant received the mailing from the

---

[1] The plaintiff apparently concedes that federal subject matter jurisdiction does exist in this case under 28 U.S.C. § 1332.  See Motion to Remand, ¶2.  Burton complains only that the removal was procedurally defective.

commissioner's office putting it on notice that an action had been filed.

There is no dispute that the Commissioner of Insurance was a proper entity to accept service for CCC.  See Memo. in Support of Response to Remand, at 3.  However, the commissioner's authority to accept service on behalf of CCC is derived solely by statute as a requirement of doing business in the State of Mississippi, not through an explicit and voluntary designation by the defendant. See Miss. Code Ann. § 83-21-1(c) (requiring that any foreign insurance company doing business in the state must register with the Commissioner of Insurance and appoint him as its "true and lawful attorney, upon whom all process in any action or legal proceeding against it may be served").  The only question for the Court with regard to this issue, then, is whether the time for removal begins running when a "statutory" agent is served with process or if the period instead begins running when the defendant actually receives a copy of the complaint from that agent.

Neither the Fifth Circuit Court of Appeals nor any other circuit court has addressed this question.  Of those district courts which have confronted the issue, the vast majority of them have held that the time for removal runs from the receipt by the named defendant after transmission from the statutory agent. See Cox v. Sprung's Transport & Movers Ltd., 407 F. Supp. 2d 754, 756 (D.S.C. 2006) (holding that service upon statutory agent

insufficient to begin period for removal); Lilly v. CSX Transp., Inc., 186 F. Supp. 2d 672, 675 (S.D. W. Va. 2002) ("where service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process"); Hibernia Community Development Group Corp. v. U.S.E. Community Servs. Group, Inc., 166 F. Supp. 2d 511, 513 (E.D. La. 2001) (removal period runs from time named defendant actually receives the complaint, not from when statutory agent served); Auguste v. Nationwide Mutual Ins. Co., 90 F. Supp. 2d 231, 232 (E.D.N.Y. 2000) (same); Baum v. Avado Brands, Inc., 1999 WL 1034757, at *2 (N.D. Tex. Nov. 12, 1999) (commenting on majority view and adopting the same); 1015 Half Street Corp. v. Warehouse Concepts, Inc., 1999 WL 1212885, at *2 (D.D.C. Oct. 26, 1999) (same); Monterrey Mushrooms, Inc. v. Hall, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) (same); Wilbert v. Unum Life Ins. Co., 981 F. Supp. 61, 63 (D.R.I. 1997) ("When a statutory agent is served, the clock for removal does not begin ticking as it would if defendant itself had been served but rather starts when defendant receives actual notice of the service from the statory agent"); Pilot Trading Co. v. Hartford Ins. Group, 946 F. Supp. 834, 839 (D. Nev. 1996) (time for removal runs from time of actual receipt by the named defendant); Medina v. Wal-Mart Stores, Inc., 945 F. Supp. 519, 520 (W.D.N.Y. 1996) (same); Taphouse v. Home Ins. Co., 885 F. Supp. 158, 161 (E.D. Mich. 1995) (same); Skidaway Assocs. Ltd. v.

Glens Falls Ins. Co., 738 F. Supp. 980, 982 (D.S.C. 1990) ("The law appears to be settled that service on a statutory agent . . . does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by the defendant").

One notable exception to the long line of opinions espousing the view that service upon a statutory agent is insufficient to begin the removal period is found in Bodden v. Union Oil Co. of Cal., 82 F. Supp. 2d 584 (E.D. La. 1998).  In Bodden, as in this case, the defendants removed the action over thirty days beyond the time that their statutorily appointed agents were served with process, but within thirty days from the time that they received actual notice of the suit.  Bodden, 82 F. Supp. 2d at 585-86.  The district court, while recognizing that its holding was in conflict with all other reported decisions on the issue, determined that calculating the removal period from the time of service on the statutory agent was the proper rule for the following reasons:

> In Louisiana, in cases in which service on the Secretary of State is authorized, service is completed when made on the Secretary of State regardless of when, or even whether the Secretary subsequently performs the ministerial task of forwarding notice to a defendant.  By using the disjunctive "or" in stating that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, by service *or* otherwise," the plain language of Section 1446(b) indicates that service itself may constitute "receipt by the defendant" and therefore may be the date on which the thirty-day period commences. Moreover, the policies . . . underlying Section 1446(b) -- uniformity and expediency -- are best served by the interpretation

-5-

>which permits commencement of the thirty-day period on the date of formal service on the statutory agent of service rather than the date of actual receipt by the defendant. Commencement of the period at the time of service on the statutory agent rather than actual receipt better promotes uniformity by establishing a date certain upon which the period commences, rather than relying on the uncertainty associated with determining when a defendant actually received notice of suit. Moreover, commencement of the period at the time of service on the statutory agent rather than actual receipt, where the former precedes the latter, also better promotes expediency in having a case removed in that it holds defendants to a shorter period for removal.

Id. at 588-89. As discussed below, this Court disagrees with the reasoning set forth in Bodden and holds in accordance with the majority of the district courts that where process is served upon a statutory agent the § 1446(b) removal period begins when the named defendant actually receives the pleading.

Mississippi law, like Louisiana law, provides that service upon the statutory agent is sufficient to bring the named defendant under the power of the court. This is so even if the statutory agent fails to provide notice of the action to the named defendant. In Fidelity & Casualty Co. of New York v. Cross, 89 So. 780, 781 (Miss. 1921), the Mississippi Supreme Court held that, under statute,[2] "failure of the commissioner to notify the company shall not affect the validity of such service. . . ."  The court concluded that "the commissioner is, under the terms of the

---

[2] The court in Cross analyzed the predecessor to the insurance statute at issue in this case. See Hemingway's Code, § 5034 (1906). The relevant language of the two statutes, however, is identical.

statute, the alter ego of the company." Id. at 782. See also Great Southern Life Ins. Co. v. Gomillion, 110 So. 770, 772 (Miss. 1927) ("The statute provides . . . that service of process on the agent shall be as valid as service upon the company, according to the laws of the state"). Thus, if the triggering of the removal period is dependant solely upon when state law considers service to be complete, then the plaintiff would be correct that service upon the statutory agent in Mississippi should start the clock on a defendant's time to remove.

However, "state law is ordinarily disregarded when removal is considered, including state law technicalities for completing service of process and securing personal jurisdiction." Howard B. Stravitz, Recocking the Removal Trigger, 53 S.C. L. Rev. 185, 196-97 (2002) (citing 14C Charles A. Wright, et al., Federal Practice and Procedure § 3732, at 290 & n.12 (3d ed. 1998)); see also Kurtz v. Harris, 245 F. Supp. 752, 754 (S.D. Tex. 1965) ("service of a statutory agent does not satisfy [§ 1446(b)], regardless of what effect state law gives such service"); Welker v. Hefner, 97 F. Supp. 630, 631 (E.D. Mo. 1951) ("The right of removal being conferred by the Federal Constitution and laws is beyond the reach of curtailment by State Action") (internal citation omitted). Prior to the enactment of 28 U.S.C. § 1446(b) in 1948, Sections 72 and 74 required that a petition to remove a case from state court to federal court had to be filed "before the defendant [was]

required by the laws of the State or the rule of the State Court in which such suit is brought to answer or plead." As a result of differing procedural requirements between the states, the time for removal varied depending upon the particularities of the state forum in which the suit was brought.

Congress attempted to address this inconsistency through enactment of § 1446(b). In the current statute, state law is not considered for determining the time for removal. Instead, the law triggers the removal period only "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." The purpose of this change was "make uniform the time for filing petitions for removal." Malave v. Sun Life Assur. Co. of Canada, 392 F. Supp. 51, 52 (D.C.P.R. 1975) (citing Dutton v. Moody, 104 F. Supp. 838 (S.D.N.Y. 1952); Sunbeam Corp. v. Brazin, 138 F. Supp. 723 (E.D. Ky. 1956)). Thus, the Bodden court's reliance upon Louisiana law as justification for determining that service upon a statutory agent should begin the removal period is misplaced. If such was the rule, differing state law requirements for service of process would dictate when and if a party who would otherwise be entitled to a federal forum could have his or her case heard in federal court.

It is also unclear why the Bodden court felt that calculating the time for removal based upon a named defendant's actual receipt

of the complaint would introduce more uncertainty into the matter. It is the defendant's burden to prove that removal is proper. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). It should be a simple matter for the defendant to show when he actually received the pleading from the statutory agent. In cases where the defendant is unable to prove the date of receipt, then that defendant may not be entitled to remove the action as it is that defendant's burden to prove the propriety of the removal. In this case, CCC received the copy of the complaint on December 27, 2005, as evidenced by the company's file stamp on the document. See Letter from Commissioner of Insurance (attached as Ex. "B" to Motion to Set Aside Default).

Moreover, it is important to note that a statutory agent has no power to remove a case. See Kurtz, 245 F. Supp. at 754; Mahoney v. Witt Ice & Gas Co., 131 F. Supp. 564, 568 (W.D. Mo. 1955) ("Receipt by the statuory agent is not receipt by the defendant by any stretch of the judicial imagination"). Indeed, the only function of the insurance commissioner in this case was merely to transmit the pleadings to CCC. While the Bodden court saw value in holding "defendants to a shorter period for removal" and, thus, favors a rule which triggers the time for removal when a statutory agent is served, this Court finds that a rule which allows a named defendant the full thirty-day time period prescribed by § 1446(b) better serves the statute's purpose.

The thirty-day removal period allows time for the defendant to contact an attorney, evaluate the need for removal and to file a notice of removal if such is that defendant's desire.  In 1965, Congress amended § 1446 to increase the removal period from twenty to thirty days.  The purpose of the amendment was to insure that defendants would have an adequate period of time to evaluate the need for removal.  See S. Rep. No. 712, at 2 (1965) ("the existing 20-day period for filing a petition for removal of a civil action from a State Court to Federal court is too short to permit the removal of many actions as to which valid grounds of removal exist").  It would run counter to this purpose if the period for removal begins before the defendant has actually received the complaint from the statutory agent which allows it to ascertain whether or not the case can be removed.

This Court sides with the overwhelming majority of district courts in holding that in cases where a statutory agent is served with the summons and complaint, the named defendant's time to remove the action does is not triggered until that defendant actually receives the pleading.  Therefore, because CCC removed within thirty days of actual receipt of the complaint in this case, the plaintiff is not entitled to remand.

II.  Motion to Set Aside Docket Entry of Default

A docket entry of default was entered by the state court on January 24, 2006.  CCC removed the action the following day and now

-10-

moves this Court to set aside that default. CCC argues that the default should be set aside because it calculated its time to answer and remove based upon the date on which it actually received the complaint, not the day upon which the insurance commissioner was served.[3]

Federal Rule of Civil Procedure 55(c) allows for setting aside an entry of default if good cause is shown before the judgment is entered. "[I]t is well established that a federal district court has jurisdiction to consider a motion for relief from an order of default entered in state court." Hawes v. Cart Prod., Inc., 386 F. Supp. 2d 681, 689 (D.S.C. 2005).

> In instances in which it is consistent with the dictates of sound judicial administration and fairness to the parties the courts have evidenced a clear and salutary preference for disposition of litigation on the merits; rather than by default judgment.

Amberg v. FDIC, 934 F.2d 681, 685 (5th Cir. 1991) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 55,10 (2d ed. 1990). See also Blois v. Friday, 612 F.2d 938, 940 (5th Cir. 1980) ("Doubt should be resolved in favor of judicial decision on the merits of the case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims"). "The

---

[3] CCC also argued that the insurance commissioner had not been appointed by it to receive process. In a later pleading, however, the defendant acknowledges that the commissioner was a proper agent to accept service on CCC's behalf.

Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits. Strict enforcement of defaults has no place in the Federal Rules[.]" Amberg, 934 F.2d at 686.

"Traditionally, . . . relief from a[n entry of default] should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). The court should also consider "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

The Motion to Set Aside Default stands unopposed by the plaintiff. In reviewing the pleadings, the defendant's proffered explanation for allowing the state court to enter default against CCC and evaluating the above-listed factors, this Court is convinced that the docket entry of default should be set aside.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that this case should not be remanded and that the entry of default against the defendant should be set aside. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Remand

[**docket entry no. 3**] is **DENIED**;

    IT IS FURTHER ORDERED that Continental Casualty Company's Motion to Set Aside Docket Entry of Default [**docket entry no. 7**] is **GRANTED** and the entry of default entered by the Circuit Clerk of Jefferson County, Mississippi, on January 24, 2006, is hereby vacated.

    The parties shall contact Judge Roper's chambers so that a scheduling order may be entered.

    SO ORDERED, this the 5th day of May, 2006.

                                          S/DAVID BRAMLETTE
                                          UNITED STATES DISTRICT JUDGE