IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARK BURTON                                              PLAINTIFF

VERSUS                        CIVIL ACTION NO. 5:06cv12-DCB-JMR

CONTINENTAL CASUALTY COMPANY,
CNA FINANCIAL CORPORATION and
LOEWS CORPORATION                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the plaintiff's Motion for Reconsideration [**docket entry no. 21**] and Motion for Leave to Apply for Interlocutory Appeal [**docket entry no. 22**].  Having reviewed the motions, responses, briefs, applicable law, and being otherwise fully advised as to the premises, the Court finds as follows:

## FACTUAL AND PROCEDURAL HISTORY

On December 19, 2005, the plaintiff, Mark Burton, initiated this action against Continental Casualty Company ("CCC") by filing a complaint in the Circuit Court of Jefferson County, Mississippi. A summons was issued by the Circuit Court and in personam jurisdiction was established over CCC by service upon George Dale, Commissioner of Insurance of the State of Mississippi, on December 20, 2005.  On that same day, a letter transmitting a copy of the summons and complaint was sent from the Commissioner's office to CCC by certified mail.  CCC received this mailing on December 27,

-1-

2005.

On January 24, 2006, thirty-four days after service upon the Commissioner, the Clerk of Court of Jefferson County, Mississippi, upon application by the plaintiff, made a Docket Entry of Default against CCC.  The following day, CCC removed the action to this Court.  Thus, the removal occurred twenty-nine (29) days after CCC actually received a copy of the summons from the Commissioner's office but thirty-six (36) days after the Commissioner had been served with process.

Burton then filed a Motion to Remand [**docket entry no. 3**] arguing that CCC's removal was untimely.  Soon thereafter, CCC filed a Motion to Set Aside Docket Entry of Default [**docket entry no. 7**].  In a Memorandum Opinion and Order dated May 5, 2006, the Court denied the plaintiff's Motion to Remand and granted CCC's Motion to Set Aside [**docket entry no. 18**].  The Court's May 5, 2006 ruling is the subject of Burton's current Motion for Reconsideration [**docket entry no. 21**].  In the event of an unfavorable ruling on his Motion for Reconsideration, Burton moves in the alternative for leave to apply for an interlocutory appeal of the Court's remand decision [**docket entry no. 22**].

## DISCUSSION

### I.  Motion for Reconsideration

Although the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, the Fifth

Circuit has held that such a motion will be treated as either a motion to "alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).  Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991).  Rule 60(b)(6) allows a party to seek relief from a court's order when there is any reason "justifying relief from the operation of the judgment [or order]."  Fed. R. Civ. P. 60(b)(6).  A Rule 60(b)(6) motion must be filed within a reasonable time period.  McCorvey v. Hill, 385 F.3d 846, 849 n.4 (5th Cir. 2004) ("there is no set time period distinguishing timely from untimely motions [under Rule 60(b)] outside of the absolute, one-year time frame for Rule 60(b)(1)-(3) motions.").  The United States Supreme Court has noted that Rule 60(b)(6) provides district courts with the "authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988).

A.   Reconsideration of the Court's Denial to Order Remand

Burton's assertion that the Court erred in denying his Motion to Remand rests on a rehashing of the same arguments contained in his Motion to Remand.  The Court previously found CCC's removal timely because the action was removed within thirty days of CCC's receipt of the summons and complaint.  Essential to the Court's

holding was Mississippi Code Section 83-21-1(c),[1] which requires all foreign insurance companies to appoint the Mississippi Commissioner of Insurance as an agent for receiving service of process; as such, the Court held that this requirement made the Commissioner a "statutory agent" rather than an "agent in fact" or a registered agent.  The Court then sided with the vast majority of courts and held that 28 U.S.C. § 1446's thirty-day removal period did not begin to run until CCC (or its agent in fact) received the summons and complaint.

Although Rule 60(b)(6) expressly requires some "reason justifying relief from the operation of the judgment," Burton has

---

[1]
No foreign insurance, indemnity or guaranty company or other insurer shall be admitted and authorized to do business in this state until:

* * *

(c) It shall, by a duly executed instrument filed in his office, constitute and appoint the Commissioner of Insurance, and his successor, its true and lawful attorney, upon whom all process in any action or legal proceeding against it may be served, and therein shall agree that any process against it which may be served upon its attorney shall be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state. The service of such process shall be made by leaving a copy of the same in the hands or office of the commissioner. Copies of such instrument certified by the commissioner shall be deemed sufficient evidence thereof, and service upon such attorney shall be deemed sufficient service upon the principal.
Miss. Code Ann. § 83-21-1(c).

-4-

offered no new valid reason why the Court should vacate its previous ruling. Instead, Burton argues that the Court has "created a legal 'loophole' whereby any defendant can manipulate . . . § 1446(b)" simply by mis-dating the receipt of service of process from the Commissioner. (M. Reconsideration 5.) Requiring a party to be given notice before the commencement of a limitations period is not a "loophole"; rather, it is a bedrock principle of American civil procedure. Hanna v. Plumer, 380 U.S. 460, 463 n.1 (1965) ("Actual notice is . . . the goal of Rule 4."). Moreover, Plaintiff's concern that a defendant may mis-date the receipt of service should be alleviated by the Department of Insurance's policy of using certified mail, return receipt requested when mailing service to a defendant.

Plaintiff also urges that Commissioner Dale is an actual agent of CCC instead of a statutory agent. Burton argues that the Court's May 5, 2006 Order makes "every agent . . . a 'statutory agent' for purposes of 1446(b), if there is a 'statute' that requires [the appointment of the agent]." (Rebuttal Mem. M. Reconsideration 3.) A statutory agent is one where the agency is derived by operation of law rather than by a voluntary choice of the defendant. 1015 Half Street Corp. v. Warehouse Concepts, Inc., 1999 WL 1212885, at *3 (D.D.C. October 26, 1999). Mississippi law compelled CCC to name **the Commissioner** as an agent for receiving process. CCC's appointment of Commissioner Dale was not one of

voluntary choice; rather, it was simply the fulfillment of a requirement to conduct business in Mississippi.

As Burton notes, many Mississippi statutes require entities conducting business within Mississippi to appoint an in-state agent for receiving service of process.[2]  Such agents are "agents in fact" rather than "statutory agents."  The linchpin for distinguishing agents in fact from statutory agents is not whether a statute "requires the appointment," but whether the statute compels the appointment of a certain person.  Mississippi Code Section 83-21-1(d) requires foreign insurance companies to appoint an agent "other than the Commissioner . . . [who is authorized] to acknowledge service of process for and on behalf of the company." An agent appointed under Section 83-21-1(d) would be an agent in fact rather than a statutory agent because the defendant is allowed to choose the identity of the actual agent.  See Colello v. Baker Material Handline Corp., 849 F. Supp. 3, 4-5 (D. Me. 1994) (holding that an agent appointed pursuant to South Carolina's corporate statute was an actual agent rather than a statutory agent).

Inasmuch as CCC was required to appoint Commisssioner Dale as

_____

[2]See Miss. Code Ann. § 79-4-5.01 (requiring all Mississippi corporations to maintain a registered agent in Mississippi); Miss. Code Ann. § 79-4-15.07 (requiring all foreign corporations transacting business in Mississippi to maintain a registered agent in Mississippi); Miss. Code Ann. § 79-29-106 (requiring all Mississippi limited liability companies to maintain a registered agent in Mississippi).

their agent for receiving process under Section 83-21-1(c), the Commissioner is a statutory agent and § 1446(b)'s time period did not begin to run until CCC was provided with actual notice of the summons and complaint.

    B.   <u>Reconsideration of the Court's Order to Set Aside Default</u>

Burton also argues that the Court violated the Anti-Injunction Act, 28 U.S.C. § 2283, by setting aside the entry of default[3] entered by the Circuit Court of Jefferson County, Mississippi. The Anti-Injunction Act precludes a district court from issuing "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. When Congress revised § 2283 in 1948, it noted, "The phrase 'in aid of its jurisdiction' was added . . . to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts." See <u>Historical and Statutory Notes</u>, § 2283.

The Court's May 5, 2006 opinion did not enjoin the Jefferson County Circuit Court's proceedings. The state proceedings were stayed when CCC filed a copy of its notice of removal in state

---

[3]Mississippi Rule of Civil Procedure 55 has a two-step procedure for a plaintiff to receive a default judgment. First, the clerk must make an entrance of default in the docket. Second, the court must enter the default judgment against the defendant. Miss. R. Civ. P. 55(b). In this case, an actual judgment was never entered; rather, only the entrance of default was entered.

court.  See 28 U.S.C. § 1446(d).  In its May 5, 2006 opinion, the
Court merely acted in accordance with Federal Rule of Civil
Procedure 55(c), which is identical to its Mississippi counterpart,
and set the entry of default aside.  Moreover, a district court's
power to set aside a pre-removal default judgment entered in state
court is well established.  See Harter Twp. v. Kernochan, 103 U.S.
562 (1880) ("The Federal Court, upon Removal . . . ha[s] the Power
to set aside, alter, or amend [a default judgment]."); Kizer v.
Sherwood, 311 F. Supp. 809, 811-12 (M.D. Pa. 1970) (setting aside
a state court's default judgment after removal).  Thus, Burton's
Motion for Reconsideration is without merit.

## II.  Motion for Leave to Apply for Interlocutory Appeal

Burton seeks leave to apply for interlocutory appeal on the
Court's denial of his Motion to Remand.  An order denying remand is
not an immediately appealable order unless it is certified by the
Court as an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).
See Hadderton v. Lee, 244 F.3d 135 (5th Cir. 2000) (per curiam).
A district court may certify an issue for interlocutory appeal when
it "involves a controlling question of law as to which there is
substantial ground for difference of opinion."  28 U.S.C. §
1292(b).  The overwhelming majority of cases hold that a defendant
must actually receive a copy of the summons and complaint before §
1446(b)'s thirty-day time period begins to run.  (See Mem. Op. &
O., **docket entry no. 18**, Burton v. Continental Cas. Co., 431 F.

Supp. 2d 651, 653 (S.D. Miss. 2006).)  Accordingly, there is no substantial ground for difference of opinion, and Burton's Motion for Leave to Apply for Interlocutory Appeal must be denied.

**CONCLUSION**

Since the plaintiff failed to provide any legitimate reason why the Court's previous ruling should be altered, the plaintiff's Motion for Reconsideration must be denied.  Moreover, the plaintiff's Motion for Leave to Apply for Interlocutory Appeal must be denied because there is no substantial ground for difference of opinion on when § 1446's thirty-day time period begins to run. Accordingly,

IT IS HEREBY ORDERED, that the plaintiff's Motion for Reconsideration [**docket entry no. 21**] is **DENIED.**

IT IS FURTHER ORDERED, that the plaintiff's Motion for Leave to Apply for Interlocutory Appeal [**docket entry no. 22**] is **DENIED.**

IT IS FURTHER ORDERED, that the plaintiff has ten (10) days from entry of this order to respond to the defendants' Motions to Dismiss [**docket entries nos. 13 & 15**].

SO ORDERED, this the 30th day of October, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE